**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CYNTHIA M. GIBSON, an individual,

        Plaintiff,

vs.                                        Case No.   3:16-cv-232-J-34JRK

M.T. PRODUCTIONS IN JACKSONVILLE,
INC., d/b/a Thee Officers Club,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the Joint Motion for Approval of Settlement (Doc. No. 31; "Motion"), filed October 25, 2016.  In the Motion, the parties seek the Court's approval of their settlement agreement, and they request that this case be dismissed with prejudice.  Motion at 1.  The Motion is referred to the undersigned for the issuance of a report and recommendation regarding an appropriate resolution.  See Track Notice and FLSA Scheduling Order (Doc. No. 4) at 3.

Plaintiff brought this action on March 10, 2016 for minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").  See Complaint (Doc. No. 1).  On July 26, 2016, Plaintiff filed an Amended Complaint and Demand for Jury Trial (Doc. No. 24; "Amended Complaint" or "Am. Compl."), adding FLSA claims for failure to pay overtime and for retaliation.  Plaintiff alleges in her Amended Complaint that she worked for Defendant as a bartender from January of 2015 to October 29, 2015.  Am. Compl. at 3 ¶ 12.  She states

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Defendant paid her nothing for her first three months. Id. at 3 ¶ 13. Thereafter, according to Plaintiff, Defendant paid her $5.03 per hour but failed to pay her for more than twenty-eight hours per week until September 2015, despite that she regularly worked more than twenty-eight hours. Id. at 3 ¶¶ 14-17. One week, Plaintiff alleges, she worked more than forty hours but still was paid for only twenty-eight hours. Id. at 5 ¶ 30. Plaintiff states that when she complained about being required to work shifts without pay, her supervisor retaliated against her by reducing her scheduled shifts. Id. at 4 ¶¶ 26-27.

The parties have entered into a settlement agreement to resolve all of Plaintiff's claims. See Motion Ex. A (settlement agreement). Under the terms of the settlement agreement, Defendant agrees to pay Plaintiff a total of $4,000 for allegedly unpaid wages and for liquidated damages, as well as $11,000 for attorney's fees and costs. Motion Ex. A, at 1-2.

The parties represent that their settlement negotiations were conducted in good faith and involved "exchang[ing] hundreds of pages of records in discovery and discuss[ing] the merits of their respective cases in an effort to resolve this matter." Motion at 2. The parties state that their agreement "reflects compromises by each of [the parties]." Id. at 3. Furthermore, the parties "concede that there exist bona fide disputes regarding liability and damages that make this matter attractive to a compromise agreement that will permit the parties to avoid the uncertainties of litigation and additional fees and costs." Id. at 2. They also represent that the payment for attorneys' fees and costs was "negotiated . . . separately so as to not affect Plaintiff's recovery." Id.

In a FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353,

1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

In light of the parties' representations regarding their negotiation, the undersigned finds that Plaintiff has not impermissibly waived her statutory rights under the FLSA. See Lynn's Food Stores, 679 F.2d at 1354. Overall, the settlement agreement, including the award of attorneys' fees and costs, represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[2]

In assessing the fairness of the agreement, the undersigned observes that it contains a release provision. See Motion Ex. A, at 3. "Courts typically disfavor general release clauses in FLSA settlement agreements." DeGraff v. SMA Behavioral Health Servs., 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations omitted). Here, however, the release is limited to claims for unpaid wages and claims under the FLSA and Article X of the Florida Constitution. Motion Ex. A, at 3. As such, the release is distinguishable from those disfavored by courts, for it "allay[s] any concern that Plaintiff[] may be giving up an unknown, but valuable, claim that is completely unrelated to the FLSA claim, and which 'confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee.'" Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (unpublished) (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)).

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorneys' fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness [of such award] is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). The total fee award sought in this case is not patently unreasonable. In addition, Defendant does not contest the reasonableness of the award, so the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorneys' fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

Accordingly, undersigned finds that the release provision here does not undermine the fairness or reasonableness of the settlement agreement.

After due consideration, it is

**RECOMMENDED**:

1. That the Joint Motion for Approval of Settlement (Doc. No. 31) be **GRANTED to the extent** that the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement agreement attached to the Motion.[3]

2. That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on October 27, 2016.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:
Counsel of Record

---

[3] This recommendation is not intended to suggest that the Court enter judgment against Defendant. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' settlement agreement because, as stated in Lynn's Food Stores, 679 F.2d at 1355, "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[] is a fair and reasonable res[o]lution of a bona fide dispute."